## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JESSICA KIRINCICH,

      Plaintiff,

v.

ILLINOIS STATE POLICE,

      Defendant.

Case No. 15-cv-02131

Judge _____

**JURY TRIAL DEMANDED**

## COMPLAINT

PLAINTIFF, Jessica Kirincich ("Ms. Kirincich"), by and through her undersigned counsel, states as follows as her Complaint against DEFENDANT, ILLINOIS STATE POLICE ("ISP"):

### PARTIES

1.      Plaintiff, Ms. Kirincich, is an Illinois resident who resides in this District.

2.      Defendant, ISP, is a governmental entity established under the laws of the State of Illinois.

3.      At all times relevant to this action, ISP was doing and conducting business in this District – where it employed Ms. Kirincich at all times relevant to this action.

### JURISDICTION AND VENUE

4.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331.  In addition, the State of Illinois has enacted a statue, 745 ILCS 5/1.5(d), that specifically allows its employees to bring an action in Federal Court under the Americans with Disabilities Act ("ADA").

5.      This Court can exercise personal jurisdiction over ISP and venue is proper in this District because the acts complained of herein took place in this District, and at all relevant times ISP regularly and continuously transacted and was doing business within this District.

6.      ISP hired Ms. Kirincich in the position of Illinois State Trooper beginning on or about August 2011 in the position of Illinois State Trooper.

**FACTUAL AND LEGAL BACKGROUND**

7.      At all relevant times during her employment with ISP, Ms. Kirincich met ISP's legitimate employment expectations.

8.      At all relevant times, Ms. Kirincich was, as defined by the ADA, a "qualified individual" and one who suffered from a "disability" – namely Type I diabetes – that is now and was during all relevant times, covered by ADA.

9.      Nonetheless, Ms. Kirincich was able to perform the essential functions of her position with ISP, with or without reasonable accommodation.

10.     At all relevant times, ISP has been aware of Ms. Kirincich's disability, including prior to the start of her employment with ISP and her time at the ISP's training Academy.

11.     In the months leading up to February 28, 2013, Ms. Kirincich was assigned to  the night shift, which required her to be on patrol from 10 p.m. to 8 a.m. the following day.  After her shift was complete, Ms. Kirincich also often had to appear in court following the end of shift and as part of her duties.

12.     That night shift and associated lack of sleep caused Ms. Kirincich to suffer complications from her disability.

13.     On or about February 28, 2013, those complication from her disability resulted in Ms. Kirincich being involved in a multiple vehicle crash in which she suffered physical injuries.

14. ISP placed Ms. Kirincich on "restricted duty" – purportedly pending the outcome of the ISP's review of Ms. Kirincich's disability by the ISP's Medical Review Board.

15. There are no medical doctors or medical professionals who sit on the ISP's Medical Review Board.

16. ISP referred Ms. Kirincich to an Endocrinologist to evaluate her ability to continue to work in a patrol capacity in light of her disability.

17. That particular Endocrinologist ultimately recommended to ISP that the decision of whether to allow Ms. Kirincich to return to her patrol duties and associated driving duties in light of her disability should be at the discretion of Ms. Kirincich's own treating Endocrinologist, Dr. Illene Yohay.

18. At that time, Dr. Yohay had been Ms. Kirincich's regular treating Endocrinologist for approximately the prior 13 years.

19. In Dr. Yohay's medical opinion, and with intimate knowledge of and familiarity with Ms. Kirincich's disability and recent accident, Dr. Yohay concluded in written form that Ms. Kirincich could fully, completely, and safely perform her patrol duties with an assignment to a day shift.

20. On several occasions thereafter, Ms. Kirincich attempted to provide ISP as well as its Medical Review Board with Dr. Yohay's opinion and conclusions.

21. However, ISP and its Medical Review Board refused to review, or to even accept into the record at all in the first instance Dr. Yohay's opinions, conclusions, and report.

22. The ISP and its Medical Board did not review Dr. Yohay's wholly unrefuted and medically sound opinions and conclusions regarding Ms. Kirincich.

23.     Instead, the ISP and its Medical Review Board intentionally made a decision  with regard to Ms. Kirincich's disability and its alleged inability to reasonably accommodate that disability that did *not* include Dr. Yohay's opinion and conclusions.

24.     Moreover, ISP and its Medical Review Board had no legitimate medical information, reports, or opinions to allow it to evaluate Ms. Kirincich's disability and its alleged inability to reasonably accommodate that disability.

25.     In any event, the ISP and its Medical Review Board determined that Ms. Kirincich could no longer perform at any time, or under any circumstances, or with any reasonable accommodation whatsoever, her former duties as a patrol office for the ISP.

26.     Accordingly, ISP permanently removed Ms. Kirincich from her former position, and has subsequently refused to allow Ms. Kirincich to hold that position or to perform her duties.

27.     ISP has further required that Ms. Kirincich be picked up at her home each day and be driven to work by ISP, and that she be driven home each day by ISP.

28.     ISP also instructed Ms. Kirincich that, *inter alia*, she must resign from the ISP; that she cannot report to work at ISP; that she must accept a position (other than her former position), and at a rate of pay lower than what she formerly earned.

29.     Ms. Kirincich timely filed a Charge of Discrimination with the EEOC against ISP.

30.     On or about December 11, 2014, the EEOC issued Ms. Kirincich a Notice of Right to Sue letter.

31.     Ms. Kirincich has timely filed the present lawsuit, and has satisfied all procedural prerequisites to bringing this action.

**LEGAL CLAIMS**

**COUNT I**
**(Violations of the ADA - 42 U.S.C. § 12112, *et. seq.*)**

32.     Ms. Kirincich re-alleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 31 above as Paragraph 32 of Count I of her Complaint.

33.     Ms. Kirincich brings this Count under the Americans with Disabilities Act, ("ADA"), 42 U.S.C., section 12112, *et. seq.*

34.     At all relevant times, ISP was a covered "employer" within the meaning of the ADA and required to comply with its provisions.

35.     At all relevant times, Ms. Kirincich was a covered "employee" within the meaning of the ADA and entitled to its protections.

36.     At all relevant times, Ms. Kirincich was a qualified individual with a disability within the meaning of the ADA.

37.     At all relevant times, Ms. Kirincich had a disability that was covered by the ADA, that impacted one or more of her major life functions; she also had a record of such impairment with ISP; and she was regarded by ISP as having such an impairment.

38.     At all relevant times, Ms. Kirincich could perform the essential functions of her position with ISP with or without reasonable accommodation.

39.     ISP took an adverse employment action against Ms. Kirincich, namely, removing her from her positon with ISP and demoting her.

40.     The purported bases for ISP's adverse actions directed against Ms. Kirincich were a pretext for unlawful discrimination.

41.     Ms. Kirincich's disability was the motivating factor for ISP's adverse actions against her.

42.     As a direct proximate result of ISP's unlawful actions against Ms. Kirincich in violation of the ADA, Ms. Kirincich has suffered, and will continue to suffer, monetary and emotional damages.

**WHEREFORE**, Ms. Kirincich, by and through her undersigned counsel, respectfully requests the entry of an Order granting judgment in her favor and against Defendant, Illinois State Police, on Count I of her Complaint, for all monetary and other relief to which she is entitled to recover for her ADA claims, for her attorneys' fees and costs, and for such other and further relief as is appropriate under the circumstances.

<u>**JURY TRIAL DEMANDED**</u>

Dated: March 10, 2015                          **RESPECTFULLY SUBMITTED,**

                                By:     <u>/s/ Michael I. Leonard</u>
                                        Attorney for Plaintiff

**LEONARD LAW OFFICES**
Michael I. Leonard
mleonard@leonardlawoffices.com
Ethan E. White
ewhite@leonardlawoffices.com
Maryam Arfeen
marfeen@leonardlawoffices.com
203 North LaSalle, Suite 1620
Chicago, IL  60601
(312) 380-6559 (phone)
(312) 264-0671 (fax)